DC4CLOPC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SIXTO LOPEZ AND LEOLA LOPEZ,

              Plaintiffs,

         v.                          13 CV 6151 (PAE) (AJP)


ASSOCIATED BLIND/SELIS MANOR,
et al,

              Defendants.

------------------------------x
                                        New York, N.Y.
                                        December 4, 2013
                                        12:25 p.m.
Before:

                    HON. ANDREW J. PECK,

                                        Magistrate Judge


                         APPEARANCES

SETON HALL UNIVERSITY SCHOOL OF LAW
     Attorneys for Plaintiffs
BY:  COLLEEN K. FAHERTY
      DAVID M.  WHITE
      JAVIER DIAZ


REGINA A. MATEJKA
     Attorney for Defendant
     Board of Directors for Associated Blind
```

1           (Case called)

2               THE COURT:  We're on the record of case of Sixto Lopez

3     and Leola Lopez against Associated Blinds/Selis Manor, 13 CV

4     6151, to record the settlement agreement that the parties have

5     just reached with the Court's assistance.  I will state the

6     terms of the agreement.  I ask counsel and clients to pay

7     careful attention, give me the universal time out signal if I

8     get something wrong, or there is something that needs to be

9     corrected.

10              At the end, I will be asking counsel and the clients

11    to confirm whether that is the settlement agreement they had

12    just reached.  The parties have agreed to amicably resolve this

13    dispute without any admission of fault or liability by any

14    party on the following terms, which will be described in four

15    categories.

16              First, with respect to mail, Selis Manor will instruct

17    its mailroom employees not to accept any United States Postal

18    Service packages, or other material, that is larger than what

19    fits into the larger locked mailboxes for the Lopezes.  They

20    will also continue to follow the policies they have been

21    following, which is that Federal Express, or similar outside

22    delivery companies, deliver mail directly to the tenants'

23    apartment, and that there is no involvement of Selis Manor in

24    that.  In any event, Selis Manor will do its best not to accept

25    any such FedEx, UPS or other outside delivery packages for the

1    Lopezes.
2              In addition, the Lopezes should and I believe already
3    have so instructed of the United States Postal Service and to
4    the extent they know any packages are coming in from another
5    service, make sure that the package only be delivered to them
6    and not to anybody on their behalf.
7              Second, with respect to Mr. Lopez's need to be on the
8    lease for Mrs. Lopez's apartment with her, Mr. Lopez has agreed
9    to submit the 12 categories of documentation referred to by Ms.
10   Matejka's letter, or information to plaintiffs' counsel.
11   Specifically, that he will follow HUD and Selis Manor protocols
12   and provide the following information to Selis Manor:  Federal
13   income tax forms; all W-2 and/or 1099 forms; bank books; bank
14   statements; proof of interest in dividend income; social
15   security award letters or form SSA 2458; proof of unemployment
16   benefits, if currently unemployed and receiving such benefits;
17   affidavit notarized of nonemployment; authorization to do a
18   credit check, background and criminal check; three most recent
19   paycheck stubs, if employed; proof of retirement benefits,
20   pension; VA benefits; disability income and other income not
21   otherwise listed above; certificate of blindness or partial
22   blindness, as applicable; birth certificate and social security
23   card; and authorization for a home visit.  Albeit, the "home"
24   being the apartment that he shares with Ms. Lopez in Selis
25   Manor.

1            MS. FAHERTY:  Your Honor, if I may add to that.

2            THE COURT:  Yes.

3            MS. FAHERTY:  Mr. Lopez does have those documents

4    here.  Any other documents that are not in his possession as

5    required by HUD, he would substantiate that with an affidavit

6    signed under penalty of perjury.

7            THE COURT:  Whatever is required for the usual normal

8    Selis Manor/HUD application and approval process, and the

9    parties are to cooperate with respect to that.

10           There is no guarantee that Selis Manor will accept his

11   application, but it will follow normal HUD processes and

12   procedures, and fairly and impartially deal with Mr. Lopez's

13   application.

14           The third area of agreement is Selis Manor's access to

15   the Lopez apartment.  The parties have agreed, that except in

16   emergencies where notice cannot be given, that for any repair

17   situation, notice will be given.  If the superintendent or the

18   assistant superintendent is going to be the person or persons

19   doing the work, the Lopezes shall be free to have an observer

20   present to observe the conduct of Selis Manor's employees, and

21   Selis Manor shall have an observer presumptively, the site

22   manager, Tony Smith, and/or somebody designated, other than the

23   superintendent and assistant superintendent, Cesar Vidal and

24   Jose, his last name I did not get.

25           The annual site inspection of the apartment will be

1  conducted by somebody other than the superintendent and
2  assistant superintendent; specifically, by either Tony Smith or
3  somebody else from the office.  To the extent that repair
4  concerns noted or noticed during that inspection would require
5  the assistance of the superintendent to verify whatever the
6  condition is a problem, the superintendent could be there under
7  observation for that purpose.
8         As to the fourth area, grievances to the extent,
9  besides or in addition to whatever the normal forms and other
10 ways of asking for repairs, etc., Selis Manor will create a
11 two-part form to be used by the Lopezes.  The top of which will
12 contain their complaint or grievance and the bottom will be
13 filled out thereafter by the appropriate level of Selis Manor
14 personnel with a response to that complaint or grievance.  That
15 may be at the office level.  If the office believes it is
16 appropriate to raise that to the level of the board of
17 directors, the response may come on behalf of the board.  There
18 is no guarantee that the resolution will be acceptable, but it
19 gives a way for the parties to better communicate their issues
20 and responses.
21        At this point, it's not part of the settlement
22 agreement, but I'm going to make a court comment to both sides,
23 which is obviously, as long as Ms.  Lopez and hopefully Mr.
24 Lopez will continue to be living at Selis Manor.  It is
25 important that both sides try to let bygones be bygones and on

1   a moving-forward basis, act professionally, appropriately,
2   collegially with each other.  I'm going to direct the personnel
3   from Selis Manor, who are here, to convey the Court's desires
4   in that regard to the other staff of Selis Manor.  In
5   particular, the superintendent and assistant superintendent in
6   the hope that on a going-forward basis, this resolution behind
7   us, that the parties will be able to amicably and collegially
8   get along, because otherwise, frankly, both sides are going to
9   be miserable.
10            There is a limit to what the Court can do.  This will
11  be ending the Court's involvement in this case.  In a more
12  normal situation, for example, if this were an employment
13  discrimination-type case, usually one resolution of that is
14  that if the plaintiff is still employed by the defendant, the
15  plaintiff agrees to get another job and separate.  We can't do
16  that here because this is valuable housing for the blind, and
17  Ms.  Lopez has been living there for many years and Mr. Lopez
18  has joined her.  You have to find a way on both sides to get
19  along better.  Hopefully, this has laid the groundwork for
20  that.
21            Back from my wishes, to the other terms of the
22  settlement, which are that the case is dismissed with prejudice
23  and without costs.  I could enter that dismissal order on my
24  signature authority pursuant to 28 U.S. Code Section 636(c),
25  which for the nonlawyers means my signature carries the full

Case 1:13-cv-06151-PAE   Document 42   Filed 01/09/14   Page 7 of 9      7

DC4CLOPC

1  weight of the district court on it.
2           I believe this has covered everything we've talked
3  about.
4           Is there anything else that I forgot to mention?
5           MS. FAHERTY:  Your Honor, in our initial demand
6  letter, we requested a dollar in damages, but Mr. Lopez and Ms.
7  Lopez, that was simply a symbolic number.  They feel completely
8  comforted at the progress we have achieved here today.  There
9  is no interest in the $1 that was to be handed over.  We would
10 just thank your Honor for your mediation skills today, as well
11 as thank the defendants and Ms. Matejka.
12          Thank you, your Honor.
13          THE COURT:  Thank you.
14          Ms. Matejka, anything I need to add?
15          MS. MATEJKA:  No, thank you, your Honor.  Thank you
16 for your time and also thank you to the Seton Hall School of
17 Law pro bono program their gracious assistance in resolving
18 this matter.
19          THE COURT:  I join on behalf,not only for myself, but
20 the Southern District of New York in thanking Professor White,
21 and Ms. Faherty and Mr. Diaz, the students from Seton Hall, for
22 their contributions to justice in this case.  I know that this
23 is not the only case that Seton Hall is taking on for the
24 court.  We are very, very grateful.
25          Let's do the formal what I call the wedding ceremony

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

DC4CLOPC

1  of the "I do's."
2          I have to ask Professor White:  Technically who is
3  counsel of record?
4          MR. WHITE:  The appearance is mine, your Honor.
5          THE COURT:  Professor White, on behalf of the
6  plaintiffs and subject to their individual acceptance that I
7  will ask for in a moment, do you agree to the terms of the
8  settlement?
9          MR. WHITE:  Yes, your Honor.
10         THE COURT:  Mr. Lopez, having received the advice of
11 your volunteer lawyers, do you agree to the terms of the
12 settlement as I described it.
13         MR. LOPEZ:  Yes, I do.
14         THE COURT:  Ms.  Lopez, do you agree to the terms of
15 the settlement as I have described it?
16         MS. LOPEZ:  Yes.
17         THE COURT:  Ms. Matejka, as counsel of record and
18 subject to your client's assent, that I will ask for, do you
19 agree to the terms of the settlement?
20         MS. MATEJKA:  Yes.
21         THE COURT:  Mr. Smith, you are authorized on behalf of
22 the corporate defendants and all the defendants.
23         MR. SMITH:  Yes, I am.
24         THE COURT:  Do you agree to the terms of the
25 settlement?

DC4CLOPC

1     MR. SMITH:  I do agree, yes.
2     THE COURT:  I want to thank all counsel and all the
3  clients here for their cooperative approach to this.  I do
4  direct defense counsel only to purchase the transcript.  I'm
5  sorry about that.  I can't make Seton Hall pay for half the
6  transcript.
7     If you would be so kind as to purchase the transcript
8  and send a courtesy copy both to the Seton Hall folks and also
9  to Mr. and Ms. Lopez, so they will have it.
10    I thank everybody for their cooperation today, and I
11 hope they will continue going forward, even though the Court's
12 role is done.  Happy holidays all.  We are adjourned.
13    (Adjourned) 1